JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Brenda Hoffman

## DEFENDANTS
Allied Building Corporation

**(b)** County of Residence of First Listed Plaintiff: **Carbon**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Lehigh**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Paul E. Vangrossi, Esquire
319 Swede St., Norristown, PA 19401
610-279-4200

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☒ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C.A. Section 1132
Brief description of cause:
Breach of Fiduciary Duty

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** $321,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

DATE: 9/15/2017
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |
|---|---|
| BRENDA HOFFMAN : <br> v. : <br> ALLIED BUILDING CORPORATION : | CIVIL ACTION <br><br> NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (x)

_9/15/2017_     _Paul E. Vangrossi_     _315101_
**Date**     **Attorney-at-law**     **Attorney for** Plaintiff

610-279-4200     610-279-4306     paulevangrossi@gmail.com

**Telephone**     **FAX Number**     **E-Mail Address**

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __Brenda Hoffman, 149 Railroad Lane, Weatherly, PA 18255__

Address of Defendant: __Allied Building Corporation, 574 Main St., #200, Bethlehem, PA 18018__

Place of Accident, Incident or Transaction: __Lehigh County, PA__
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    (Please specify) __ERISA__

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, __Paul E. Vangrossi__, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: __9/15/2017__      __Paul E. Vangrossi__      __315101__
                          Attorney-at-Law          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __9/15/2017__      __Paul E. Vangrossi__      __315101__
                          Attorney-at-Law          Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENDA HOFFMAN               : | NO. |
| 149 Railroad Lane             | |
| Weatherly, PA 18255         : | |
|                                 | |
|         VS.                  : | |
|                                 | |
| ALLIED BUILDING CORPORATION : | |
| 574 Main St #200              | |
| Bethlehem, PA 18018.        : | |

## COMPLAINT

1. This Complaint seeks recovery of life insurance benefits payable to Plaintiff under the terms of two group term life insurance policies issued by Defendant, Allied Building Corporation (hereinafter referred to as Allied) through its insurer and administrator, UNUM Life Insurance Company of America (hereinafter referred to as UNUM). Plaintiff's spouse, Eric Hoffman, died on January 27, 2016.

2. This case presents a claim for recovery of group life insurance benefits governed by ERISA. This Court has jurisdiction of the dispute pursuant to 29 U.S.C.A. §1132.

3. Plaintiff submitted her claim for life insurance benefits for the death of her husband Eric Hoffman to UNUM within 90 days of his untimely death. On March 7, 2016, plaintiff received a letter from UNUM denying her claim for life insurance under the policies (UNUM's March 7, 2016 denial letter is attached hereto as Exhibit "A"). Plaintiff promptly appealed UNUM's denial and received a letter denying her appeal on May 3, 2016 (UNUM's May 3, 2016 denial letter is attached hereto as Exhibit "B") . Under the terms of the plan, it is to be construed and interpreted in accordance with the

provisions of ERISA, the United States Code Annotated, and the laws of Pennsylvania.

4. In both UNUM's March 7, 2016 and May 3, 2016 denial letters, UNUM points to the fact that Allied failed to inform UNUM that Eric Hoffman had been laid off.

## PARTIES

5. The plaintiff is Brenda Hoffman, an individual, citizen and resident of the Commonwealth of Pennsylvania, who resides at 149 Railroad Lane, Weatherly, PA 18255.

6. Defendant, Allied Building Corporation, is, on information and belief, a Corporation organized under the laws of Pennsylvania with a principal place of business located at 574 Main St #200, Bethlehem, PA 18018. It has adopted the UNUM Group Term Life Insurance Plans for the benefit of its employees. Defendant employer is the administrator of the UNUM Group Life Insurance Plan and Accidental Death and Dismemberment Insurance Policy (A copy of the Insurance policies is attached hereto as Exhibit "C").

7. Defendant Allied's principal place of business is located in Lehigh County and therefore the Eastern District of Pennsylvania.

## FACTUAL BACKGROUND

8. Eric Hoffman was hired by Allied in 2006. Prior to this Mr. Hoffman had been working for Allied as a union employee.

9. In 2012, Mr. Hoffman was added to Allied's Group Life Insurance Plan and Accidental Death and Dismemberment Insurance Policy issued through UNUM.

10. The Life Insurance Policy provided for a maximum benefit of $71,000.00.

11. The Accidental Death and Dismemberment Insurance Policy provided for a

maximum benefit of $250,000.00. (Employer Statement on UNUM Group Life and/or Accidental Death Claim Form is attached hereto as Exhibit "D")

12. Eric Hoffman was routinely laid off by Allied during the winter months then rehired in the spring.

13. Eric Hoffman's last day physically at work prior to his death was October 26, 2015.

14. Allied repeatedly paid Mr. Hoffman's Accidental Death and Dismemberment and Life Insurance Policy premiums during the periods when Mr. Hoffman was laid off during the winter months and would deduct the amounts they paid for the premiums from Mr. Hoffman's checks when he returned to work the following spring.

15. Allied assured Mr. Hoffman that his Accidental Death and Dismemberment and Life Insurance Policies were still active and enforceable during the periods of time that he was laid off.

16. Allied at no time informed Mr. Hoffman that he could and should convert his group policies to an individual policy while he was laid off nor did Allied ever send plaintiff any form of notice that Mr. Hoffman's life insurance had ended.

17. Mr. Hoffman was never provided a summary plan description as required by ERISA.

18. When plaintiff confronted Allied about UNUM denying the policy benefits after the death of plaintiff's husband Denise Schaffer, Allied's controller, told plaintiff that she was sorry and that she had no idea that Mr. Hoffman was not covered and had to convert the policies to and individual policy after he was laid off.

19. Allied was the plan administrator of both the UNUM Accidental Death and

Dismemberment and Life Insurance Policies.

20. Allied owed a fiduciary duty to the plaintiff.

## COUNT 1 BREACH OF FIDUCIARY DUTY - ALLIED

21. Plaintiff reasserts all of the allegations as previously set forth in the preceding paragraphs.

22. Plaintiff is entitled to the full amount of the Accidental Death and Dismemberment and Life Insurance Policies.

23. The plans' portability application period for Eric Hoffman to apply for individual term life coverage under both plans was 31 days from the date that Eric Hoffman began working less than the minimum number of hours required under the plan.

24. Allied had a duty to inform UNUM when Mr. Hoffman began working less than the minimum amount of hours under the plan.

25. Allied failed to inform UNUM of Mr. Hoffman's temporary layoff.

26. After plaintiff's death Allied did inform UNUM that Eric Hoffman had stopped working due to a "temporary layoff due to lack of work" and that the premiums had been paid through January 31, 2016 and that Mr. Hoffman's employment had not been terminated.

27. As plan administrator, Allied had a duty to inform Mr. Hoffman of his right to convert his group policies to individual policies.

28. Allied not only failed to inform Mr. Hoffman of his conversion right Allied specifically informed Mr. Hoffman that he was covered and continued to pay the premiums due under the group policies .

29. As plan administrator and fiduciary Allied breached is duty of informing Mr. Hoffman of his right to convert his group policies to individual policies.

## COUNT III - ATTORNEY'S FEES

30. Plaintiff reasserts all of the allegations as previously set forth in the preceding paragraphs.

31. Under the express terms of ERISA, Plaintiff is entitled to recover all of her reasonable attorney's fees incurred prosecuting these claims.

WHEREFORE, Plaintiff respectfully requests that this Court issue the following relief:

1. Defendant be ordered to pay life insurance and accidental death benefits to plaintiff for the death of Eric Hoffman in the Sum of $321,000.00.

2. Defendant be ordered to pay pre and post judgement interest on Plaintiff's claims in accordance with Pennsylvania law; and

3. Defendant be ordered to pay Plaintiff's reasonable costs and attorney's fees incurred prosecuting these claims.

4. The Court grant such other relief.

VANGROSSI & RECCHUITI

BY: _____
PAUL E. VANGROSSI
Attorney for Plaintiff
Attorney's I.D.#315101
319 Swede Street
Norristown, PA 19401
(610-279-4200

## VERIFICATION

I verify that the facts set forth in the foregoing pleading are true and correct. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

*Brenda Hoffman*

DATE: 9/15/17